# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

IVAN RAMIREZ-VEGA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C09-1613-MJP-BAT
(CR06-425-MJP)

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Petitioner, Ivan Ramirez-Vega, has filed a 28 U.S.C. § 2255 motion to vacate the sentence imposed in CR06-425-MJP. Dkt. 1. The matter has been referred to United States Magistrate Judge Brian A. Tsuchida. Dkt. 4. After careful consideration of the motion, governing law, and the balance of the record, the Court recommends that petitioner's § 2255 motion be **DENIED** as untimely, and that the case be **DISMISSED** with prejudice.

## II. BACKGROUND

On August 10, 2007, petitioner was sentenced to 63 months of imprisonment after pleading guilty to conspiracy to distribute methamphetamine and illegal reentry after deportation. CR06-425-MJP, Dkt. 579. Petitioner did not file a direct appeal. On November 10, 2009, petitioner filed the present § 2255 motion. *Id.,* Dkt. 971. Relying on case law from the 1990's,

REPORT AND RECOMMENDATION- 1

petitioner contends his trial lawyer was ineffective for failing to argue petitioner's status as a deportable alien and ineligibility for minimum security, drug court and early release are mitigating sentencing factors. He further contends his ineligibility for these programs constitutes "sentencing disparity" in violation of the equal protection clause. *Id.*

### III. DISCUSSION

#### A. Petitioner's § 2255 Motion is Time Barred

Under 28 U.S.C. § 2255(f), a 1-year period of limitations applies to § 2255 motions. The one-year limitations period runs from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making the motion created by government action is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claims could have been discovered by the exercise of due diligence. *Id.*

The record establishes petitioner's motion was filed outside the statute of limitations and is untimely. First, petitioner was sentenced on August 10, 2007. He did not file an appeal. The 1-year statute of limitations for a § 2255 motion begins to run upon the expiration of the time during which a petitioner could have sought review by direct appeal, which in this case is August 20, 2007. *See United States v. Schwarz*, 274 F.3d 1220, 1223 (9th Cir. 2001). He filed his § 2255 motion on November 10, 2009, more than one year after his conviction became final.

Second, petitioner has not claimed, and nothing in the record shows, there was an impediment created by the government that prevented petitioner from filing the motion earlier, that the motion relies on a right first recognized by the United States Supreme Court within the last year, or that the motion is based on new facts discovered within the last year. Rather, petitioner claims his lawyer was ineffective for failing to make certain sentencing arguments.

REPORT AND RECOMMENDATION- 2

Petitioner therefore knew the facts supporting this claim in 2007 when he was sentenced. Petitioner also relies on case law from the 1990's, not new rights recognized by the United States Supreme Court within the last year.

The Court has also considered whether the statute of limitations should be equitably tolled. Section 2255's statute of limitations is subject to equitable tolling. *U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). However, equitable tolling "is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id*. Here, petitioner has not argued he is entitled to equitable tolling and there is nothing in record establishing that "extraordinary circumstances" beyond his control made it impossible for him to file a timely petition. As there is no evidence that justifies equitable tolling, petitioner's claims should be dismissed as time-barred under 28 U.S.C. § 2255(f).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2255 petition be **DENIED** and this case be **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of November, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge